**Betty Sue BELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8801–CR–39.**

Supreme Court of Indiana.

Feb. 14, 1989.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Conspiracy to Commit Murder, a Class A felony, for which she received a sentence of fifty (50) years.

The facts are: At approximately 1:30 a.m. on February 16, 1986, Jackson Bell, the victim in this case, was shot while standing in his kitchen. He was shot in the chest by a shotgun blast through the kitchen window. Appellant was Bell's wife.

Following his death, she was arrested and while an inmate of the Marion County Jail she told inmates Lisa June Horatschki and Wanda Titus Robertson, a/k/a Christine Daniels what had happened that night. She stated that Charles Marvin Franklin was her boyfriend and that he lived in the other half of the double where the killing occurred. She said she and Franklin reached the decision to kill Bell because he had caught them together and threatened to take the Bell children in a custody fight. She stated they tried to plant drugs in the victim's truck, poison him, and even planted a bomb in the truck.

On the night in question, by prearrangement with Franklin, appellant went upstairs and flashed the bedroom lights, signalling to Franklin that she was going to lure the victim into the kitchen. She then asked the victim to get a glass of water for one of the children. When the victim entered the kitchen, Franklin tapped on the window with a shotgun. When Bell looked up, Franklin fired the shotgun striking the victim in the chest. Both Horatschki and Robertson testified at trial that appellant made the above statement to them.

■ Appellant claims the State failed to produce sufficient credible evidence to prove her connection with the murder. Appellant claims there is no evidence in the record that she entered into an agreement with Franklin. She contends there is at best only circumstantial evidence of such an agreement. However, as above pointed out, the testimony of the two witnesses to whom appellant made her incriminating statement clearly sets out an agreement between appellant and Franklin to carry out the murder of Bell and appellant's active part in the carrying out of that agreement.

Appellant gives as an additional reason for the non-believability of Horatschki's testimony that Horatschki had multiple convictions for check forgery, and appellant was prevented by the trial court from fully cross-examining Horatschki on that subject. However, an examination of the record clearly discloses that defense counsel was permitted to cross-examine Horatschki in great detail concerning convictions not only in Indiana but in Florida for forgery and check deception. Appellant's allegation that she was prevented from fully cross-examining the witness on that subject is wholly unsubstantiated by the record.

The credibility or lack thereof of witnesses Horatschki and Robertson was clearly presented to the jury and was a matter for their weight and evaluation. Their findings as to the believability of those witnesses will not be second-guessed by this Court. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

Appellant also claims the trial court did not properly take into consideration the mitigating circumstances when imposing a sentence of fifty (50) years for the conviction of conspiracy to commit murder. However, an examination of the court's judgment and sentence clearly discloses that the court found as aggravating circumstances that there were prior attempts on the victim's life, that there was an elaborate plan leading to his death, that the codefendant lay in wait to kill the victim, and further the victim was appellant's husband.

The court specifically found mitigating circumstances in that appellant had no criminal history or convictions. However, the court found that the aggravating circumstances outweighed the mitigating circumstances. It therefore becomes apparent that the trial court fully complied with the statute and rules of this Court in sentencing appellant. We find no reversible error in this case.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.